UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ARIEL CORPORAN,

                        Plaintiffs,

        -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
POLICE DEPARTMENT and POLICE OFFICERS JOHN
DOE #1-5,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

07 CV 6361 (BSJ)(AJP)

JURY TRIAL DEMANDED

       Defendants City of New York ("City") and the New York City Police Department, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the first amended complaint, respectfully allege, upon information and belief, as follows:

       1. [1]Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       2. Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       3. Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to proceed as stated therein.

       4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

---

[1] Plaintiff numbers his paragraphs by spelling out each number. For ease of formatting, defendants will use numbers to correspond to plaintiff's paragraphs.

5. Admit the allegations in paragraph "5" of the complaint.

6. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City maintains a police department.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiff purports to proceed as such.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. In response to the allegations set forth in paragraph "10" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "9", inclusive of this answer, as is fully set forth herein.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. Deny the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. The allegations set forth in paragraph "20" of the complaint are conclusions of law, not averments of fact warranting a response.

21. The allegations set forth in paragraph "21" of the complaint are conclusions of law, not averments of fact warranting a response.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint, including subparts a-c.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "30" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "29", inclusive of this answer, as is fully set forth herein.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "36", inclusive of this answer, as is fully set forth herein.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. In response to the allegations set forth in paragraph "42" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "41", inclusive of this answer, as is fully set forth herein.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. In response to the allegations set forth in paragraph "46" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "45", inclusive of this answer, as is fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint, including subparts a-i.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny the allegations set forth in paragraph "53of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint, including subparts a-c.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. In response to the allegations set forth in paragraph "60" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "61", inclusive of this answer, as is fully set forth herein.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. [2]

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. In response to the allegations set forth in paragraph "70" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "69", inclusive of this answer, as is fully set forth herein.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint, except admit that a document purporting to be a notice of claim was filed with the City on or about August 17, 2006.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint, except admit that the City has not made payment.

78. Deny the allegations set forth in paragraph "78" of the complaint, except admit that plaintiff gave testimony at a NYCPL §50-h hearing on or about May 31, 2007.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. Deny the allegations set forth in paragraph "81" of the complaint.

82. Deny that the plaintiffs are entitled to any of the relief demanded in paragraphs A-E, immediately following paragraph "81".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

83. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

84. The City of New York and New York City Police Department have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

---

[2] Plaintiff omits paragraph "Sixty-Six."

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE:**

85. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:**

86. Any injury alleged to have been sustained resulted, in whole or in part, from plaintiff's culpable or negligent conduct and was not the proximate result of any act of the defendants.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:**

87. Plaintiff failed to comply with the statutory requirements of New York Municipal Law 50-e and therefore any claims arising under that statute should be summarily dismissed as a matter of law.

**AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:**

88. Plaintiff provoked any incident.

**AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:**

89. Plaintiff cannot obtain punitive damages as against the City of New York.

**AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:**

90. The New York City Police Department is a non-suable entity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE:**

**WHEREFORE,** defendants City of New York and the New York City Police Department respectfully request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York

September 17, 2007

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendants
                                        City of New York and New York City
                                        Police Department
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-0987

                                        By:   /S/ Brian G. Maxey
                                        BRIAN MAXEY (BM 0451)

To:       Steven S. Orlow, Esq.
            Orlow, Orlow, & Orlow, P.C.
            Office and P.O. Address
            71-18 Main Street
            Flushing, NY  11367

07 CV 6361 (BSJ)(AJP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ARIEL CORPORAN,

                                            Plaintiffs,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY POLICE DEPARTMENT and POLICE OFFICERS JOHN DOE #1-5,

                                            Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, 3-155*
*New York, N.Y. 10007*

*Of Counsel: Brian G. Maxey*
*Tel: (212) 788-0987*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. .................................................., 2007 . . .*

*....................................................................Esq.*

*Attorney for..........................................................*